UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| MONICA PERKINS, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 7:23-cv-671-MHH-GMB |
| KIMBERLY NEELY, | ) ) ) |
| Respondent. | ) ) |

# MEMORANDUM OPINION

On March 1, 2024, the Magistrate Judge entered a report in which he recommended that the Court dismiss Ms. Perkins's § 2241 petition for a writ of habeas corpus. (Docs. 1, 19). Ms. Perkins has filed a document she labelled "Notice of Appeal and [] Right to Object." Ms. Perkins has asked the Court to treat the document as a notice of appeal and as objections to the magistrate judge's report. (Docs. 20, 21).[1] Ms. Perkins has also filed an application to proceed *in forma pauperis*. (Doc. 25). Although it is not entirely clear, the April 10, 2024 *in forma pauperis* application likely concerns Ms. Perkins's notice of appeal because she already has paid the filing fee for her habeas petition. (June 29, 2023 docket entry).

---

[1] The Clerk of Court docketed Ms. Perkins's submission twice as Docs. 20 and 21, likely to allow one docket entry to serve as objections to the Magistrate Judge's report and one to serve as a notice of appeal.

The Eleventh Circuit dismissed Ms. Perkins's appeal for failure to prosecute. The Eleventh Circuit explained that Ms. Perkins did not pay the appellate filing and docketing fees or file a motion to proceed *in forma pauperis* "within the time fixed by the rules." (Doc. 26).[2] Therefore, in this opinion, the Court focuses its discussion on Ms. Perkins's objections to the Magistrate Judge's report.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district judge must "make a *de novo* determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."). A district court's obligation to "'make a de novo *determination* of those portions of the report or specified proposed findings or recommendations to which objection is made,'" 447 U.S. at 673 (quoting 28 U.S.C. § 636(b)(1)), requires a district judge to "'give *fresh consideration* to those issues to which specific objection has been made by a party,'" 447 U.S. at 675 (quoting House Report No. 94-1609, p. 3 (1976)). *United States v. Raddatz*, 447 U.S. 667 (1980) (emphasis in *Raddatz*).

---

[2] The Eleventh Circuit also held that Ms. Perkins's did not comply with the rules concerning Certificates of Interested Persons and Corporate Disclosure Statements. (Doc. 26, p. 2).

Ms. Perkins's petition and her objections concern the steps BOP employees took in determining that she fought with another inmate and in disciplining her for that conduct. (Doc. 20, pp. 1–2). Ms. Perkins challenges the Magistrate Judge's finding that Lieutenant Carr completed the investigation of the August 2021 incident that produced the disciplinary charge against her. Ms. Perkins contends that the BOP employee who reported the incident also investigated the incident in violation of BOP rules. (Doc. 20, pp. 6-8). Ms. Perkins argues that the Magistrate Judge incorrectly found that on August 29, 2021, "Lieutenant William Carr completed the investigation and issued Perkins an incident Report," that Exhibit B to her petition (the Discipline Hearing Officer Report) shows that "the actual investigating officer 'was not' Lieutenant William Carr . . . nor does [] Lieutenant William Carr's name appear any where [*sic*] on the investigation Report," and that Special Investigative Services Technician William Woody was the investigating officer. (Doc. 20, p. 2). In his report, the Magistrate Judge stated that Mr. Woody initiated the investigation, and Lieutenant Carr completed the investigation. (Doc. 19, p. 2). The Court has reviewed the incident report and the investigation report, (Doc. 20, pp. 9-14), and finds that the Magistrate Judge's description of the roles of the investigating officers is correct, (Doc. 20, p. 9, lines 12-15). After receiving an anonymous note regarding a fight, Mr. Woody reviewed videotape and interviewed Ms. Perkins and the inmate with whom she fought. (Doc. 20, pp. 12-13). Based on the information Mr. Woody

3

provided and photographs and medical assessments of Ms. Perkins and the inmate with whom Ms. Perkins allegedly fought, Lieutenant Carr delivered to Ms. Perkins a report that concluded that Ms. Perkins had been involved in a fight with another inmate. (Doc. 20, pp. 9-14).

Ms. Perkins also argues that the Magistrate Judge erred in finding that she received constitutionally adequate protection during her disciplinary proceedings. (Doc. 20, p. 3). She argues that the second requirement of procedural due process under *Wolff v. McDonnell*, 418 U.S. 539 (1974), was not met because the reporting employee, Mr. Woody, also investigated the incident and falsified information in reports concerning the incident. Ms. Perkins contends that the "whole investigation was built based off of lies" because Mr. Woody was "less than truthful by falsifying government documents [and] breaking policy" by reporting and investigating the incident. (Doc. 20, p. 7).[3]

In her petition, Ms. Perkins argued that discrepancies between the Incident Report and the Inmate Investigative Report concerning the August 18, 2021 incident indicated that Mr. Woody falsified documents. Ms. Perkins noted that in the

---

[3] Ms. Perkins's characterization of Mr. Woody's role in her disciplinary proceedings is a bit confusing. Mr. Woody did not witness Ms. Perkins fighting with another inmate, so he is not a reporting employee in the eye-witness sense. Mr. Woody received an anonymous report regarding an alleged fight and reviewed videotape to see whether there was recorded evidence of a fight. Based on the video evidence, Mr. Woody investigated further because though the video did not depict inmates fighting, it contained images that could be consistent with a fight.

4

investigative report, Mr. Woody commented that video footage showed Ms. Perkins and inmate Moore entering a cell without injuries and then Ms. Moore exiting the cell with injuries to her face and head. In contrast, in the incident report, Mr. Woody noted that the video footage showed Ms. Perkins and Ms. Moore entering a cell and then Ms. Perkins running from the cell, appearing disheveled. (Doc. 1, p. 11; Doc. 20, pp. 9, 13). The differences between the description of the video recording in the Inmate Investigative Report and the Incident Report are minimal and do not support Ms. Perkins's contention that Mr. Woody falsified documents. No other evidence in the record indicates that Mr. Woody falsified documents.

Before the BOP acted on Mr. Woody's investigation, Ms. Perkins received notice of the charge against her. She selected Counselor Vankirk to assist her at the hearing, and Counselor Vankirk viewed the video evidence. Counselor Vankirk's description of the video evidence is consistent with Mr. Woody's account of the incident. (Doc. 20, pp. 15, 17). In finding that Ms. Perkins had fought with another inmate, DHO Gyurke relied not only on the video evidence but also on his review of photographs and medical evidence, and he reviewed the evidence that Ms. Perkins asked him to consider. (Doc. 20, pp. 16-17). The disciplinary proceedings did not violate Ms. Perkins's due process rights.

Ms. Perkins argues that the third requirement under *Wolff* was not met, which requires a written statement by a factfinder describing the evidence and the reasons

for disciplinary action. (Doc. 20, p. 7). The record demonstrates that in the Discipline Hearing Officer Report, the DHO provided a thorough explanation of the specific evidence he relied upon and the reasons for his decision. (Doc. 20, pp. 15–17).[4]

Finally, Ms. Perkins asserts that she received the incident report ten days after the investigation was complete instead of the ordinary 24 hours per BOP policy;[5] DHO Gyurke did not document two continuances of her hearing; and she received her DHO report 23 days after the hearing instead of the customary 15 days per BOP policy. (Doc. 20, pp. 5–8). None of these departures from BOP policy violate the minimum requirements of procedural due process for prisoner disciplinary hearings under *Wolff*.

Accordingly, the Court overrules Ms. Perkins's objections. Consistent with the Magistrate Judge's report and recommendation, by separate order, the Court will

---

[4] In support of her argument regarding the third prong of *Wolff*, Ms. Perkins cites information in Mr. Woody's investigative report. (Doc. 20, p. 7). She contends that statements in Mr. Woody's report were used as evidence to support the finding of guilt. (Doc. 20, p. 7). The Court infers that Ms. Perkins believes the DHO's report is incomplete because he did not mention those statements in his report. In his report, the DHO stated that he relied on the written statement of the reporting officer. (Doc. 20, p. 16). The DHO did not have to describe every detail of the investigative report in his DHO Report. In any event, there was adequate evidence to support the DHO's finding that Ms. Perkins was involved in a fight without respect to the statements that Ms. Perkins challenges.

[5] DHO Gyurke noted that Ms. Perkins received the Incident Report late for administrative reasons. (Doc. 20, pp. 15, 17).

dismiss Ms. Perkins's petition for writ of habeas corpus with prejudice. Her application to proceed *in forma pauperis* (Doc. 25) is moot.

Ms. Perkins's initial notice of appeal was premature because the Magistrate Judge's report was not a final order or judgment from which she could appeal. The Court's final judgment will be an appealable order. If Ms. Perkins wishes to challenge that judgment, she must comply with the Federal Rules of Appellate Procedure and the Eleventh Circuit Rules, https://www.ca11.uscourts.gov/sites/default/files/courtdocs/clk/Rules_Bookmark_APR24.pdf.

**DONE** and **ORDERED** this May 1, 2024.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE